## Commonwealth ex rel. Huntzinger v. Graft et al.

*Criminal law—Fornication and bastardy—Bond—Recognizance—Amendment—Cause of action.*

1. Where a defendant has pleaded guilty to fornication and bastardy, and, after an order of support has been entered against him and bond entered in compliance with the Act of March 31, 1860, P. L. 393, he flees the jurisdiction, the remedy of the prosecutrix is not by a *scire facias sur* recognizance ex rel. the Commonwealth, but by an action on the bond given to secure the directors of the poor.

2. In such case, a proceeding instituted by *scire facias sur* recognizance cannot be amended, as an amendment would change the cause of action.

Demurrer to *scire facias sur* recognizance. C. P. Schuylkill Co., Jan. T., 1926, No. 654.

KOCH, J., April 7, 1927.—Erma M. Huntzinger, at whose instance this suit was brought, prosecuted George Graft, charging him with fornication and bastardy. The case was returned to No. 433 of May Sessions, 1924. After indictment, Graft entered a plea of guilty and was sentenced June 17, 1924, to pay a fine of $1, the costs of prosecution; to the mother of the bastard child the sum of $25 for lying-in expenses and $3 per week until the child arrives at the age of fourteen years, and to give bond with surety in the sum of $500, conditioned for his compliance with the sentence. Graft gave a bond, with Joseph Hahner as surety, in the sum of $500 to the Directors of the Poor and of the House of Employment in and for the County of Schuylkill. The condition of the obligation is: "That if the said George Graft shall and does well and truly, from time to time, and at all times hereafter, sufficiently save, defend and keep harmless, and indemnify the Directors of the Poor and of the House of Employment in and for the County of Schuylkill, of and from all expenses, costs, charges and damages whatsoever, which shall or may hereafter accrue, for or by reason of the birth of said child, and shall further comply with the sentence and order of the said court in the said case made, then this obligation shall be void." Graft has left the jurisdiction of this court, has failed to make the payment of $3 a week and is now in arrears to the amount of several hundred dollars. On Dec. 7, 1925, Miss Huntzinger's counsel obtained an order of the Court of Quarter Sessions that the bond be estreated and certified to the Court of Common Pleas. That being done, her counsel filed his præcipe, making the Commonwealth of Pennsylvania ex rel. Erma M. Huntzinger plaintiff and George Graft and Joseph Hahner defendants, and directing a *scire facias sur* recognizance to issue. Only Joseph

Hahner was served with the writ, and he filed a demurrer upon the grounds substantially:

(a) That the bond was not given to the Commonwealth of Pennsylvania, and that the relator has no interest in said bond and cannot be read into it as a party to sue thereon.

(b) That the directors of the poor are not parties to this case.

(c) That it is not shown that the Directors of the Poor and of the House of Employment in and for the County of Schuylkill have suffered any actual loss or damage by reason of the failure of George Graft to make payment as required by his sentence, or that the child has become a charge upon the directors of the poor and of the house of employment, or that any expenses, costs, charges or damages whatsoever have been suffered by it or are chargeable to the directors of the poor.

The defendant could have assigned one more cause of demurrer, to wit, that to collect the penalty in the bond referred to, a *scire facias sur* recognizance is not the proper remedy. The relator's counsel has confused recognizance and bond. When Graft was prosecuted, he was obliged to enter bail for his appearance in court or go to jail. The entry of that bail was his recognizance and was entered into before the committing magistrate. If he had escaped and his recognizance had been forfeited, a proceeding by *scire facias sur* recognizance would have been the remedy to collect from the surety the amount of the bail. But after plea and sentence, the recognizance could not be forfeited. By his sentence, Graft passed into the custody of the sheriff, and the sheriff could only let him go upon payment of the fine, the costs and lying-in expenses and giving to the directors of the poor a bond as required by section 37 of the Act of March 31, 1860, P. L. 393. A part of Graft's sentence was to give security by one or more sureties in the sum of $500 to the directors of the poor to perform the court's order for the maintenance of the child. Upon paying the fine, the costs and the lying-in expenses and giving the bond, the sheriff released Graft from custody, and the bond became the property of the directors of the poor and should have passed into their custody. It is the practice of the clerk of the court, after noting on the docket that such bond has been entered into, to deliver the bond to the directors of the poor. The præcipe in this case says: "Issue *scire facias sur* recognizance in the above stated case, returnable according to law." There is attached to the præcipe the plaintiff's statement, signed by counsel and beginning thus: "The plaintiff brings this writ of *scire facias sur* recognizance against said defendant on a bond executed in the sum of $500, a true and correct copy of which recognizance is hereto attached and made a part hereof," etc. The copy of the bond which is referred to in said statement is a copy of the bond given by Graft to the directors of the poor in accordance with his sentence. If Miss Huntzinger seeks to recover from the surety the penalty mentioned in the bond, she is obliged to bring an action on the bond for the penalty. But she could not bring it in the name of the Commonwealth, because the bond is not in the name of the Commonwealth, whereas a recognizance for an appearance to answer a criminal charge is always in the name of the Commonwealth.

It may be profitable for counsel to have us discuss this matter further, but, as we are not conducting a law school, we will not say more about a proper *modus operandi*. There is no way provided for amending these proceedings, because such amending would change the cause of action. We will, therefore, treat the demurrer as sufficient to dispose of this case.

The demurrer is sustained and judgment is entered against the plaintiff.

From M. M. Burke, Shenandoah, Pa.